UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GAETANO and
KIMBERLY BASEHART GAETANO,

    Plaintiffs,                                      Civil Action No. 17-CV-11839

vs.                                                 HON. BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,
MAURICE EADIE, and
KELLY A. WILLIAMS,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[1]

This matter is presently before the Court on a motion to dismiss [docket entry 34] filed by defendants Internal Revenue Service ("IRS") employees Maurice Eadie ("Eadie") and Kelly A. Williams ("Williams"). Plaintiffs have not responded to this motion, and the time for them to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motion without a hearing.

Plaintiffs are individual taxpayers who reside in the Eastern District of Michigan and are being audited by the IRS. Am. Compl. ¶¶ 3, 8. They bring this action against defendants the United States, Eadie, and Williams for communicating with plaintiffs' former attorney, Gregory Goodman ("Goodman"). Goodman represented plaintiffs from 2010 to October 2014; plaintiffs terminated their relationship with Goodman when they learned that he had been disbarred in June 2014. *Id.* ¶¶ 11-13.

---

[1] Defendants Eadie and Williams' motion is "to dismiss or, in the alternative, for summary judgment." Because the Court treats this motion as one seeking dismissal under Fed. R. Civ. P. 12(b)(6), it did not consider the declarations attached to the motion as exhibits.

Plaintiffs allege that Williams improperly solicited information from Goodman through a letter dated May 22, 2017, in which she sought "disclosure of protected, privileged attorney-client communications" between plaintiffs and Goodman. *Id.* ¶ 14; *id.* Ex. 2. In a letter addressed to Williams dated June 5, 2017, plaintiffs asked the IRS to "immediately cut off all ties of communication" with Goodman because the information the IRS sought from him was protected by attorney-client privilege. *Id.* ¶ 16; *id.* Ex. 3. But on June 6, 2017, Goodman had a fifty-one-minute telephone conversation with "defendants." *Id.* ¶ 19; *id.* Ex. 4. On June 8, 2017, plaintiffs telephoned Eadie and asked him to stop receiving privileged communications from Goodman and to destroy any privileged communications from Goodman already in the IRS's possession. *Id.* ¶ 21. Eadie refused; he stated that defendants would continue to communicate with Goodman and that the IRS "had no obligation to refuse to receive what it knew to be privileged attorney-client communications." *Id.*

Throughout the amended complaint, which contains no headings or counts, plaintiffs assert violations under the Fifth and Sixth Amendments stemming from defendants' communications with Goodman and their alleged receipt of information protected by the attorney-client privilege. Plaintiffs state that defendants have deliberately interfered with their due process right to a fair administrative hearing, their "constitutional right of noninterference with their attorney-client relationship" with Goodman, and their right to counsel. *Id.* ¶¶ 14, 17-19, 26. Plaintiffs claim that they have been irreparably harmed by defendants' actions, *id.* ¶ 29, and seek both damages in excess of $50,000 and injunctive relief. *Id.* ¶¶ 9, 10, 27, 32.

Defendants Eadie and Williams seek dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In deciding a 12(b)(6) motion, "the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs." *Rondigo*, *L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). Further, "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *see Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (noting that in ruling on a Rule 12(b)(6) motion, a court may consider the complaint itself and "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein").

Eadie and Williams argue that plaintiffs' Fifth Amendment claim should be dismissed because plaintiffs fail to state a constitutional violation. Indeed, as Judge Ludington of this Court has noted, a "violation of the attorney-client relationship does not rise to the level of a constitutional violation." *Long v. Cty. of Saginaw*, No. 12-CV-15586, 2013 WL 5966181, at *7 (E.D. Mich. Nov. 8, 2013). "The attorney-client privilege is a creation of the common law, not the federal constitution." *Williams v. Campbell*, No. 2:15-CV-12914, 2016 WL 6873391, at *7 (E.D. Mich. Nov. 22, 2016) (citing *Sanborn v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010)). "As such, a violation of the attorney-client privilege is not itself a 'violation [ ] of the United States Constitution or its laws and treaties.'" *Sanborn*, 629 F.3d at 575 (internal quotation omitted)

(alteration in original). "Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546, at *10 (E.D. Mich. Aug. 20, 2009) (quoting *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir. 1985); citing *Dye v. Hofbauer*, 197 F. App'x 378, 383 (6th Cir. 2006)). Thus, dismissal of plaintiffs' Fifth Amendment claim is appropriate.

Eadie and Williams make no argument regarding plaintiffs' Sixth Amendment claim, which relies on the same factual allegations as the Fifth Amendment claim. However, the Court will dismiss plaintiffs' Sixth Amendment claim sua sponte. Not only do plaintiffs fail to assert a constitutional violation, as discussed above, but "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011). As a result, "the Sixth Amendment does not provide a right to counsel in . . . civil cases." *Libbett v. Maesen*, No. 1:13-CV-1347, 2014 WL 129605, at *2 (W.D. Mich. Jan. 14, 2014) (quoting *Hardy v. Vieta*, 407 F. App'x 1, 2 (6th Cir. 2010)) (alteration in original). Moreover,

> [a] Sixth Amendment violation can be established by invasion of the attorney-client relationship only if that invasion causes the defendant to be deprived of his right to counsel or his right to the effective assistance of counsel. To make this showing, the defendant must establish that he was prejudiced *in the criminal case against him* by the governmental intrusion into the attorney-client relationship.

*Horacek*, 2009 WL 2928546, at *10 (internal citations omitted) (emphasis added). Because the instant matter is a civil action concerning a tax audit and not a criminal case, the Sixth Amendment is not implicated.

In sum, defendants' motion is granted because plaintiffs have failed to state a claim under the Fifth and Sixth Amendments against Eadie and Williams. Given that these two individuals are employees of the United States and that no other claim against them remains, the Court will also dismiss the complaint as to defendant United States. Accordingly,

4

IT IS ORDERED that defendants Eadie and Williams' motion to dismiss plaintiffs' Fifth Amendment claim is granted.

IT IS FURTHER ORDERED that plaintiffs' Sixth Amendment claim is dismissed sua sponte.

IT IS FURTHER ORDERED that the complaint is dismissed as to defendant United States.

Dated: December 5, 2018
Detroit, Michigan

**s/Bernard A. Friedman**
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE